IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-41486
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

                              versus

CARLOS MARCIAL SANCHEZ-GONZALEZ,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-00-CR-407-1
_____
September 27, 2001

Before POLITZ, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

    Carlos Marcial Sanchez-Gonzalez pleaded guilty to illegal reentry of the

United States after removal, a violation of 8 U.S.C. § 1326.  Sanchez-Gonzalez's

offense level was enhanced 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A) based

on a Texas felony driving-while-intoxicated ("DWI") conviction, which was

_____

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

characterized as an aggravated felony. The district court sentenced Sanchez-Gonzalez to 77 months' imprisonment and three years' supervised release.

Sanchez-Gonzalez argues that the district court erred by applying the 16-level enchancement because his prior felony DWI conviction is not an aggravated felony. Because Sanchez-Gonzalez raises this issue for the first time on appeal, we review for plain error. United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994) (en banc); see United States v. Olano, 507 U.S. 725, 730-36 (1993).

A Texas felony DWI conviction is not a "crime of violence" as defined in 18 U.S.C. § 16 and thus is not an aggravated felony for the purpose of a § 2L1.2(b)(1)(A) 16-level enhancement. United States v. Chapa-Garza, 243 F.3d 921, 927 (5th Cir. 2001). Thus the district court's error in applying the 16-level enhancement was plain and affected Sanchez-Gonzalez's substantial rights. Because Sanchez-Gonzalez's sentencing range would be reduced substantially without the 16-level enchancement, we exercise our discretion to correct this error. See United States v. Miranda, 248 F.3d 434, 445 (5th Cir. 2001).

Accordingly, Sanchez-Gonzalez's sentence is VACATED, and this matter is REMANDED for resentencing.